## NASH v. FISHER.

(No. 807; Decided February 7th, 1917; 162 Pac. 933.)

Libel and Slander—Words Obviously Defamatory—Actionable Words—Petition for Slander—Words Actionable Per Se—Innuendo—Meaning of Words Actionable Per Se—Questions for Jury—Defense—When Defendant May Show Innocent Meaning—Allegation of Special Damage.

1. Where, in an action for slander, it was alleged that defendant spoke the following words: "Speaking of two citizens of H., one is a confessed thief and the other is a wife murderer. Warren Fisher starved his first wife to death;" *Held,* sufficiently certain as to which of the two citizens was referred to as a wife murderer to be actionable, without a statement of matters of inducement, colloquium, or special damage.

2. The statement that plaintiff had starved his wife to death did not restrict the meaning of the former statement that he was a wife murderer, but the whole expression would naturally be understood that plaintiff unlawfully and feloniously caused the death of his wife by starvation and it was therefore actionable per se, as imputing a crime involving moral turpitude.

3. In pleading slander where the words used were obviously defamatory, no innuendo is necessary and parol evidence is inadmissible to explain their meaning. In such case the defendant cannot be heard to say that he did not intend to injure plaintiff's reputation, if he has in fact done so. While the question is for the jury, the court will practically instruct them that the words are actionable and that they should find for the plaintiff.

4. In an action for slander, where the words spoken were defamatory per se in their ordinary signification, the defendant may plead circumstances which make it clear that at the time he spoke or wrote the words they were not used in their ordinary signification, and thus render the words prima facie defamatory. But this can only be done where the words are susceptible of the innocent meaning which defendant seeks to place upon them, and the circumstances alleged to qualify the injurious words were known to the bystanders at the time.

5. Where words complained of as slanderous are ambiguous and although apparently defamatory are on their face susceptible of an innocent meaning, no innuendo is necessary, but defendant may plead circumstances showing that

the words were not used by him in their ordinary sig-
nification.

6. In an action for slander where the words are actionable per
se, it is unnecessary to allege or prove special damages.

ERROR to District Court, Laramie County; HON. WIL-
LIAM C. MENTZER, Judge.

Action by Warren C. Fisher against John C. Nash for
slander. There was a judgment for plaintiff, and defendant
brings error. Considered and decided on questions relating
to the sufficiency of the pleadings.

*William C. Kinkead,* for plaintiff in error.

As appears from the petition the term, murderer, was
used in a restrictive sense; the petition does not state a
cause of action, there being no colloquium, innuendo or alle-
gation charging that defendant meant by said words to im-
pute to plaintiff the crime of wife murder and that the hear-
ers so understood him; the words complained of were not
actionable *per se.* The petition failed to allege special dam-
ages. The evidence showed that the persons who heard the
alleged slanderous words understood thereform that defend-
ant was charging plaintiff with neglect of his first wife.
Slanderous words have been divided into five classes by the
authorities; words falsely spoken of a person, which im-
pute to the party the commission of a criminal offense in-
volving moral turpitude, for which the party charged might
be indicted and punished; words falsely spoken of a person
which impute that he is infected with a contagious disease,
which if true, would exclude him from society; words false-
ly spoken of a person imputing his unfitness for office or
want of integrity; defamatory words falsely spoken of a
person which prejudice him in his or her trade or profes-
sion; words falsely spoken of a person, which, though not
in themselves actionable, occasion special damages. (New-
ell on Def., etc., page 40; Pollard v. Lyon, 91 U. S. 225;
Chapin v. Lee, 18 Neb. 440.) Slanderous words within
the first four classes are actionable *per se* without proof of
special damages; words coming within the fifth class are not

actionable unless special damages are sustained. In counting upon the utterance of words not actionable *per se* special damages must be alleged and proven. (Newell on Def., etc., 779; Brandt v. Storey (Ia.), 143 N. W. 545; Pollard v. Lyon, 91 U. S. 225; Cook v. Cook, 100 Mass. 194; Davis v. Brown, 27 O. St. 326; Bassell v. Elmore, 48 N. Y. 561.) If the slander charged imputes the commission of a criminal offense involving moral turpitude, the action was maintainable, but if not may fall into the fifth class and the action must fail for want of allegations of special damages. (Fraser v. Grab, 183 S. W. 1083.) The petition is insufficient to state a cause of action. (Newell on Def., etc., 600; Vickers v. Stoneman (Mich.), 41 N. W. 495.) A colloquium is a statement of facts explaining the slanderous words; an innuendo is to define their defamatory meaning. (Buckstaff v Viall (Wis.), 54 N. W. 111; Lemmer v. The Tribune, 148 Pac. 338; Lafky v. Albert, 137 Pac. 209; Dixon v. State (Ala.), 1 So. 69; Grand v. Dreyfus (Cal.), 54 Pac. 389; Wallace v. Homestead (Ia.), 90 N. W. 840; Stafford v. Green, 1 Johns. 505; Mitchell v. Browne, 8 Roll. Ab. 70; Townsend on Libel and Slander, Sec. 338.) Proof of the innuendo or matter of inducement is necessary. (Skelley v. St. Louis Ry. Co., 161 S. W. 877.) A criminal imputation will not be inferred. (Grand v. Herald, 123 N. Y. Sup. 449; Bartholomew v. Bentley, 45 Am. Dec. 596; Walsh v. Palitzer (Mo.), 157 S. W. 326; Harrison v. Manship, 22 N. E. 87.) If the words complained of are not actionable *per se* the petition is insufficient in the absence of matter of inducement, colloquium, innuendo, malice or special damages. Alleged defamatory words must be construed as a whole with other parts of the conversation. (25 Cyc. 357; Yakavicza v. Valentukevicious, 84 Conn. 350; Hotchkiss v. Olmstead, 37 Ind. 74; Ford v. Primrose, 5 D. & R. 287; Rock v. McClarnon, 95 Ind. 415; Thomas v. Blasdale, 18 N. E. 214; Greeler v. Redmond, 143 N. W. 152; Alfele v. Wright, 93 Am. Dec. 615 (Ore.) The petition in the present case could not be made good by colloquium and innuendo as the words would not support an innuendo of

criminality. (Harper v. Delph, 3 Ind. 225; Hays v. Mitchell, 7 Ind. 117; Schurick v. Kollman, 50 Ind. 336.) An action for slander based upon words not actionable *per se* will not support a recovery for injury to plaintiff's good name in the absence of colloquium, innuendo or allegation of special damage. (Brandt v. Storey (Ia.), 143 N. W. 545; McKenney v. Carpenter (Okl.), 141 Pac. 779; Pollard v. Lyon, 91 U. S. 225.) The meaning to be ascribed to an alleged slanderous article is that attributed to it by those who heard it. (Newell on Def. &c, 112; Carter v. Andrews, 16 Pick. 3; Ingalls v. Morrisey (Wis.), 143 N. W. 681; Rea v. Harrington (Vt.), 2 Atl. 475; Smith v. Miles, 15 Vt. 245; Hawks v. Patton, 63 A. Dec. 266; Stallings v. Newman, 62 A. Dec. 723; Greer v. White, 17 Ann. Cases, 270; Paxton v. Woodward, 3 Ann. Cas. 546; Campbell v. Campbell, 11 N. W. 456; Bradley v. Cramer, 18 N. W. 269; Economopoulos v. Pollard, 105 N. E. 896.) There was no allegation of malice. (White v. Nichols, 44 U. S. 286; Western Union v. Cashman, 149 Fed. 367; 25 Cyc. 444; Dufresne v. Weise (Wis.), 1 N. W. 59; Bundy v. Hart, 46 Mo. 460; Townsend on Slander and Libel, Sec. 159.) In view of the testimony of witnesses who heard the words complained of as to what they understood by them and instructions eight and nine, the verdict was contrary to the law of the case, as defined by said instructions. The case failed in proof as a matter of law, and the court should have directed a verdict for plaintiff in error. (Brown v. Myers, 40 O. St. 99.)

*John Charles Thompson,* for defendant in error.

The action was predicated upon the proposition that the defamatory words charged to have been made by Nash against Fisher were actionable *per se,* making any innuendo, colloquium, any allegation of malice or special damage unnecessary. Slander has been clearly defined by the authorities. (25 Cyc. 248.) Two classes of damages are recognized, viz; general and special; the present action being for general damages. The law presumes injury from slanderous

words actionable *per se*. (25 Cyc. 248.) Words imputing the commission of a crime are actionable *per se*. (25 Cyc. 27.) The words charged against defendant leave no ambiguity or uncertainty for any possible colloquium, or innuendo to illuminate, explain or reply. (Thomas v. Blasdale, 147 Mass. 438, 18 N. W. 18.) Since the decision in the leading case of Brooker v. Coffin, 5 Johns. 190, it has been a settled law that in case the charge, if true, will subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment, then the words will be in themselves actionable. It is slanderous *per se* to charge a person with the commission of murder or manslaughter, and it is immaterial that no such crime has been committed, though that fact be not known to the person who heard the charge; (25 Cyc. 293; Noeninger v. Voight, 88 Mo. 589; Titus v. Summer, 44 N. Y. 266; O'Connor v. O'Connor, 24 Ind. 218; 25 Cyc. 294; Carroll v. White, 33 Par. 6, (N. Y.), 615); and this irrespective of the manner in which the crime is charged to have been committed. . (Newell on Slander and Libel, P. 129, par. 60; Stephen's Crim. Dig. 143; Rapalj and Lawrence Law Dict. 614; Taylor v. Casey, Minor (Atl.), 258; Republican Pub. Co. v. Miner, 3 Colo. Appeals, 568; O'Connor v. O'Connor, 24 Ind. 218; Phillips v. Kingston, 1 Vent. 117; Holcombe v. Roberts, 19 Ga. 588; Rhea v. Harrington, 58 Vt. 181; Poe v. Grover, 3 Sneid (Tenn.), 664.) . The record shows that the witnesses who heard the slanderous words understood therefrom that plaintiff had neglected his wife and that it had caused her death. The weight of authority is in favor of the rule that the testimony of readers or hearers, as to what they understood the alleged defamatory words to mean, is inadmissible where the words are unambiguous and plain. (25 Cyc. 502; Gribble v. Pioneer Express Co., 37 Minn. 277, 34 N. H. 30.) It is incompetent for a witness to state his inferences or impressions. (Hersman v. Oberfelder, 54 Iowa, 83; Teague v. Williams, 7 Atl. 844; 17 Cyc. 214; 13 Am. & Eng. Ency of Law, 378.) If the words are actionable *per se,* the law presumes damages.

(21 Cyc. 453; Newell on Slander and Libel, page 609.) The
gist of the action appearing on the face of the words them-
selves, a statement of the circumstances to which defendant
may have alluded was unnecessary. (Thomas v. Dole, 147
Mass. 438, N. E. Rep. 214; McGough v. Rhodes, 7 Eng.
(Ark.), 625; Dorsey v. Whipps, 8 Geil (Ind.), 457; Car-
roll v. White, 33 Barb. (N. Y.), 615; Newell v. How, 31
Minn. 325; Hall v. Montgomery, 8 Atl. 510; Watrath v.
Nettis, 17 How. (N. Y.), Par. 72; Rodebough v. Hollings-
worth, 6 Ind. 469; Croswell v. Weed, 25 Wend. (N. Y.),
621; Langton v. Haggerty, 35 Wis. 158; Am. & Eng. Cyc.
of Law, Vol. 13, page 381; Kennedy v. Gifford, 19 Wend-
ling (N. Y.), 206; Tuttle v. Bishop, 30 Conn. 80; Ramsey
v. Elms, 3 Jurist, 1189.) No exception was taken to the
petition by motion or demurrer and the objection to the
pleading comes too late. (Section 4383, Comp. Stats. 1910.)
Words cannot be construed according to the secret intent of
the speaker. (Curtis v. Mussey, 6 Gray (Mass), 261;
Masseure v. Dickens, 70 Wis. 83; McKinley v. Rob, 20
Johns. (N. Y.), 351; Maybe v. Fiske, 42 Barb. (N. Y.),
336; Hankenson v. Beeby, 16 M. & W. 445; 25 Cyc. 415.)

BEARD, JUSTICE.

Warren C. Fisher, as plaintiff, recovered judgment in the
district court against John C. Nash for $150.00 damages and
costs in an action for slander. From that judgment Nash
brings error.

The principal question here is one of pleading. It is con-
tended that the petition upon which the case was tried does
not state a cause of action. The allegations of the petition
necessary to present the question are as follows: "That on
the 13th day of June, 1913, the defendant in the presence of
divers good and worthy persons, who heard him, spoke the
following words concerning the plaintiff, 'speaking of two
citizens of Hillsdale, one is a confessed thief and the other
is a wife murderer, Warren Fisher starved his first wife to
death.' * * * * That said words, so spoken by the
plaintiff of the defendant were false, and by reason of the
speaking, publishing and uttering of them, the plaintiff has

been greatly injured in his good name and reputation, to his damage in the sum of ten thousand dollars."

The words "plaintiff" and "defendant" near the beginning of the last sentence quoted must be transposed in order to make the statement have any meaning applicable to the former allegations of the petition. But as no objection is made on that ground we will treat those words as transposed. The petition also contained a charge of the speaking of other words at another time, but they were taken from the jury by the court and the case submitted to the jury upon the allegations above set out. No demurrer was filed to the petition, and the answer consisted of a general denial. When the first witness was called and sworn, defendant objected to the offering of any evidence on the part of the plaintiff for the reason that the petition did not state a cause of action. The objection was overruled, to which ruling exception was taken by defendant. The same question was also raised by motion for a directed verdict at the close of plaintiff's evidence, which motion was also denied. The ruling of the court that the facts stated in the petition were sufficient to constitute a cause of action is the chief alleged error. It is contended that the words alleged in the petition to have been spoken are not actionable *per se,* and the petition containing no statement of "matters of inducement, colloquium or innuendo," and there being no averment of special damages, no cause of action was stated. Counsel for plaintiff in error concedes that if the words charged to have been spoken are actionable *per se,* then the petition is sufficient. It is argued, first, that the language is indefinite and uncertain as to which of the "two citizens of Hillsdale" was referred to as "a wife murderer." But we do not think the language used is uncertain or indefinite in that respect, or that any one hearing the same would entertain any doubt but that Warren Fisher was the one accused of having murdered his first wife. It would certainly be a very strained construction of the language, "speaking of two citizens of Hillsdale, one is a confessed thief and the other is a wife murderer, Warren Fisher starved his first wife to death,"

to apply the charge of wife murder to the one spoken of as a thief.

It is urged that the words charged to have been spoken are not actionable *per se* because the accusation of wife murder is shown to have been used in a qualified and restricted sense by being followed by the words, "Warren Fisher starved his first wife to death," and that those words do not imply the commission of the crime of murder. But we do not so construe the language. Considering the entire statement and the connection in which it was used, which must be done in order to arrive at its true meaning, it conveys to our minds, and we think it would naturally be understood by those who heard the words spoken, as charging the plaintiff with having unlawfully and feloniously caused the death of his first wife by starvation, and imputed to him a criminal offense involving moral turpitude and for which, if the charge were true, would subject him to infamous punishment both at common law and under the statute. There was a direct accusation that plaintiff was "a wife murderer," which language is clearly actionable *per se,* and the further statement that he "starved his first wife to death" would naturally be understood by the hearers as explanatory of the means used to commit the crime. The words were obviously defamatory; and in Newell on Slander and Libel (3rd Ed.) 342, the rule is stated: "In pleading this class of words no innuendo is necessary. Nor is parol evidence admissible to explain the meaning of the words. The defendant cannot be heard to say that he did not intend to injure the plaintiff's reputation, if he has in fact done so. The question is still, however, for the jury; but the court will practically instruct them that the words are actionable and that they should find for the plaintiff. But the defendant may plead circumstances which make it clear that at the time he spoke or wrote the words they were not used in their ordinary signification, and thus render the words *prima facie* defamatory only. It will then be a question for the jury how the by-standers understood the words. This question can only arise where the words are susceptible of

the innocent meaning which the defendant seeks to place upon them, and where also the circumstances which are alleged to qualify the injurious words were known to the bystanders at the time." (See authorities cited in notes to above quotation.) Also where the words complained of are ambiguous and though apparently defamatory are, on their face, susceptible of an innocent meaning, no innuendo is necessary; but the defendant may plead circumstances showing that the words were not used by him in their ordinary signification. (Idem, 345, and cases cited in notes.) It is also too well settled to require the citation of authorities that where the words are actionable *per se* it is not necessary to allege or prove special damages. The petition in the present case comes within the rules above stated, and the court did not err in holding that it stated a cause of action.

The plaintiff in error insists that the verdict and judgment are not sustained by the evidence. The speaking of the words charged, in the presence and hearing of others, was sufficiently proven, and the court instructed the jury that "It is for you to say whether the words used by defendant to the witnesses Bolin were intended to and did impute the crime of murder to the plaintiff, and whether the said witnesses or either of them could naturally infer and did infer therefrom that the defendant intended to and did charge the said Fisher with the felonious killing of his first wife, and in order to justify you in returning a verdict for plaintiff for any sum whatever you must find the words used by defendant to the witnesses Bolin concerning plaintiff were such as to naturally give rise to the inference that the plaintiff was being accused by defendant of being guilty of having feloniously killed his first wife, and that said witnesses did so infer from said language that the defendant was being charged with having feloniously killed his first wife." From the words used we think the hearers would naturally infer that plaintiff was thereby accused of felonious homicide, at least that such inference could be fairly drawn therefrom by the jury, and it was left to them to say

whether upon all of the evidence the hearers so understood the statement. We have carefully read all of the evidence, and, without setting it out at length, we are of the opinion that it is sufficient to sustain the finding of the jury; especially as no circumstances were pleaded by the defendant showing that the words were not used or understood in their ordinary signification.

We perceive no error in the record, and therefore the judgment is affirmed.                    *Affirmed.*

POTTER, C. J., concurs.

SCOTT, J., did not participate in the opinion.